UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

PVD PLAST MOULD INDUSTRIES,
LIMITED,

*Plaintiff-Appellant,*

v.

POLYMER GROUP, INCORPORATED;
BONLAM S.A. DE C.V.,

*Defendants-Appellees,*

and

ERNST & YOUNG, LLP; W. SHAWN
SMITH; TONY CALLANDER; S.R.
BATLIBOI & COMPANY; BHF BANK,
a/k/a Berliner Handels; UND
FRANKFURTER BANK,

*Defendants.*

No. 01-1414

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CA-98-2929-2-23)

Argued: January 24, 2002

Decided: February 15, 2002

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Michael S. Seekings, MULLEN, WYLIE & SEEKINGS, Charleston, South Carolina, for Appellant. David Michael Collins, BUIST, MOORE, SMYTHE & MCGEE, P.A., Charleston, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

PVD Plast Mould Industries, Ltd. commenced this action against Polymer Group, Inc., Bonlam S.A. de C.V., and others for breach of contract, unfair competition, related torts, and violations of the anti-trust laws, all relating to a failed joint venture between plaintiff and some of the defendants.

Over an almost two-year period during which discovery was taking place, PVD's failure to comply with discovery requests of Polymer Group and Bonlam S.A. and with three separate discovery orders was nothing short of contumacious. This long process involving alterna-tive excuses, changed positions, inaccuracies, misrepresentations, and outright refusals, which are well documented by both the magistrate judge and the district judge, prompted the district court to dismiss the action and award Polymer Group and Bonlam S.A. attorneys fees of $42,722.18 pursuant to Federal Rule of Civil Procedure 37. PVD appealed the district court's decision, arguing principally that the sanctions were too severe and that lesser sanctions would have been adequate.

The district court found that PVD's bad faith, even after receiving clear warnings about its conduct, caused the defendants prejudice. The court expressly explored less severe sanctions but concluded that

the sanctions already imposed by the magistrate judge had been "ineffective." As the district court concluded:

> These lesser sanctions did nothing to motivate compliance by PVD. Even clear warnings of dismissal and the motion for sanctions have not motivated PVD to bring itself into compliance. Therefore, this court is convinced that any lesser sanction would fail to cure PVD's determined obdurateness.

We have carefully reviewed the record and considered PVD's arguments. For the reasons ably and fully given by the district court in ordering dismissal and attorneys fees, *see PVD Plast Mould Industries, Ltd. v. Polymer Group, Inc., et al.*, C.A. No. 2:98-2929-23 (D.S.C. February 1, 2001), we affirm.

*AFFIRMED*